# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 20-0325V
UNPUBLISHED

| | |
|---|---|
| RICHARD JONES,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: August 10, 2021<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Pneumococcal<br>Conjugate Vaccine; Shoulder Injury<br>Related to Vaccine Administration<br>(SIRVA) |

*Leigh Finfer, Muller Brazil, LLP, Dresher, PA,* for Petitioner.

*Wei Kit Tai, U.S. Department of Justice, Washington, DC,* for Respondent.

## RULING ON ENTITLEMENT[1]

On March 23, 2020, Richard Jones filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration (SIRVA) as a result of a pneumococcal conjugate vaccination administered to him on October 15, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 10, 2021, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. In his report, Respondent states that medical personnel at the Division of Injury

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Compensation Programs have reviewed the facts of this case and concluded that Petitioner's claim meets the Table criteria for SIRVA. ECF 22 at 4. Specifically, "[P]etitioner had no apparent history of pain, inflammation or dysfunction of the affected shoulder prior to vaccine administration that would explain the alleged signs, symptoms, examination findings, and/or diagnostic studies occurring after vaccine injection; [and Petitioner's] pain and reduced range of motion were limited to the shoulder in which the vaccine was administered. *Id.* Respondent further agrees that there is no other condition or abnormality present that would explain Petitioner's symptoms and that Petitioner experienced the residual effects or complications of his injury for more than six months after vaccine administration. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
